IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT K. JOHNSTON and | : | |
| CHRISTOPHER L. MILTON, | : | |
|     *Plaintiffs*, | : | CIVIL ACTION |
| | : | NO. 18-5368 |
| v. | : | |
| | : | |
| LINCOLN BENEFIT LIFE, | : | |
|     *Defendant*. | : | |

**MEMORANDUM**

**JONES, II  J.**                                                                                                                                                **March 23, 2020**

**I.**     **INTRODUCTION**[1]

*Pro se* Plaintiffs Robert K. Johnston ("Plaintiff Johnston") and Christopher L. Milton ("Plaintiff Milton") (collectively, the "Plaintiffs") commenced this breach of contract claim on February 28, 2019[2] against Defendant Lincoln Benefit Life Company ("Defendant")[3] for its alleged nonpayment of Plaintiff Johnston's claims for insurance benefits procured under a Home and Community Based Care Policy—issued to Plaintiff Johnston by Defendant in 2002. Compl. 4, ECF No. 8. Defendant filed the instant Motion to Dismiss (ECF No. 9) [hereinafter Motion] under Rule 12(b)(6) of the Federal Rules of Civil Procedure, seeking to dismiss Plaintiff Milton

---

[1] The Court uses the pagination associated with the ECF filing stamp.
[2] Plaintiffs filed individual Motions for Leave to Proceed *In Forma Pauperis* (ECF Nos. 1, 2) and a Complaint (ECF No. 3) on December 12, 2018. On December 13, 2018, the Court granted Plaintiffs leave to proceed *in forma pauperis* (ECF No. 5) and directed the Clerk of Court to file said Complaint.  That same day, a summons was issued to Defendant and was later returned unexecuted on February 14, 2019 (ECF No. 7). Plaintiffs then filed an Amended Complaint (ECF No. 8) on February 28, 2019, which was properly served on Defendant on March 27, 2019 (*see* Process Receipt and Return, ECF No. 11).  The Court construes Plaintiffs' Amended Complaint (ECF No. 8) as the only admissible form of the Complaint.
[3] Plaintiffs incorrectly identify Defendant as "Life Care", "Lincoln Benefit Life", and "Resolution Life" in the Complaint. Compl. 4, ECF No. 8. The Court acknowledges Defendant's correct name is Lincoln Benefit Life Company. *See* Mot. Dismiss 2, ECF No. 9 (noting Defendant's true denomination) [hereinafter Motion].

as a party plaintiff for (1) his failure to establish a connection entitling him to recovery under the Home and Community Based Care Policy between Defendant and Plaintiff Johnston and (2) the unauthorized practice of law without a law license. After careful review of the relevant filings and for the reasons that follow, Defendant's Motion is granted.

## II. FACTUAL BACKGROUND[4]

The facts of this case relate to an insurance policy agreement between Plaintiff Johnston and Defendant. On May 2, 2002, Defendant issued Plaintiff Johnston a Home and Community Based Care Policy [hereinafter Policy], under which Plaintiff Johnston was part of a plan of care[5] and was eligible to receive benefits for home care services. Compl. 4. The Policy's insuring provision for the eligibility of benefits provides:

> You will be Eligible for Benefits if a Physician, R.N. or Licensed Social Worker recommends that you receive Home and Community Based Care as part of a Plan of Care because:
>
> 1. You are unable to perform two or more Activities of Daily Living without the hands-on supervisory assistance of another person;
>    or
> 2. You have a Cognitive Impairment which requires supervision or verbal cueing by another person to protect yourself or others.

Mot., Ex. B at 5 (copy of Policy). The Policy includes a Policy Schedule identifying Plaintiff Johnston as the insured under said Policy. Mot., Ex. B at 1. Under the Policy, "Insured" means "the person(s) shown in the Policy Schedule. The Insured(s) will be referred to in the policy as 'you' or 'your.'" Mot., Ex. B at 5. The Policy also includes the definition of "beneficiary."

---

[4] The facts set forth in the following factual background and procedural history were adopted from the Complaint as well as Defendant's Motion and attachments thereto. *See infra* Section V.
[5] In the Policy's definitions, "Plan of Care" stands for a written plan developed by a Physician, R.N. or Licensed Social Worker under medical direction in consultation with you based upon an assessment indicating you are Eligible for Benefits under this policy." Mot., Ex. B at 5.

"Beneficiary" refers to "the person or persons named in the application or changed by written request to receive any benefit payments due upon your death." Mot., Ex. B at 7. Plaintiff Milton is not named as a beneficiary in the application to the Policy.

On September 28, 2015, Plaintiff Milton and Plaintiff Johnston entered into a separate Home Healthcare Contract [hereinafter Plaintiffs' Contract], where Plaintiff Johnston was to receive home care services. Compl. 4. Presently, Plaintiffs argue Plaintiff Johnston was qualified to acquire benefits in the form of home care services under a provision in the Policy, but Defendant denied Plaintiff Johnston's claim for benefits in 2016 and in 2018. Compl. 4. Plaintiffs further allege they independently entered into the Plaintiffs' Contract for the provision of home care services under the Policy, and Defendant's failure to pay Plaintiff Johnston's claims for benefits has caused Plaintiff Milton financial losses. Pls.' Resp. Opp'n Def.'s Mot. 3, ECF No. 15; Am. Pls.' Resp. Opp'n Def.'s Mot. 3, ECF No. 17.

## III. PROCEDURAL HISTORY

Prior to filing a complaint before this Court, Plaintiffs brought analogous claims against Defendant in the Court of Common Pleas of Philadelphia County, Pennsylvania. Mot. 5. On September 2, 2016, Plaintiff Milton filed a complaint on behalf of Plaintiff Johnston in the matter of *Robert K. Johnston v. Lincoln Benefit Life/Resolution Life*, Court of Common Pleas of Philadelphia County, August Term, 2016, No. 4561. *See* Compl., *Robert K. Johnston v. Lincoln Benefit Life/Resolution Life*, No. 4561 (Pa. Ct. Com. Pl. Phila. Cnty. Sept. 2, 2016) (complaint in initial lawsuit); *see also* Mot., Ex. C (copy of first state court complaint).[6] Defendant responded with preliminary objections to Plaintiff Milton's unauthorized practice of law by appearing before

---

[6] Defendant provides the Court with copies of the pleadings and orders issued in the state court proceedings. *See supra* text accompanying note 4; *see also* Mot., Exs. C-L. The Court cites to the exhibits in Defendant's Motion hereafter.

the court without a law license. Mot. 5. The court dismissed Plaintiffs' action for its failure to state a claim upon which relief could be granted on September 22, 2016. Mot., Ex. D (copy of state court order).

Subsequently, Plaintiff Johnston refiled his Complaint as a *pro se* litigant on May 8, 2017, commencing a second state court action, captioned *Robert K. Johnston v. Lincoln Benefit Life a.k.a. Resolution Life*, Court of Common Pleas of Philadelphia County, February Term, 2017, No. 4129. Mot., Ex. E (copy of second state court complaint). Plaintiff Johnston then filed a motion seeking to appoint Plaintiff Milton as his personal assistant during courtroom proceedings. Mot., Ex. F (copy of Motion for *Pro'* [sic] *Se* Assistant). The court denied Plaintiff Johnston's motion on June 23, 2017. Mot., Ex. G (copy of order). As a result, Plaintiff Milton filed a motion to intervene as a party plaintiff to aid Plaintiff Johnston in the dispute. Mot., Ex. H (copy of Motion – Intervene). The court denied the motion on November 13, 2017. Mot., Ex. I (copy of state court order).

Thereafter, Plaintiff Milton filed a motion for reconsideration of the court's November 13, 2017 Order, which the court denied on November 30, 2017. Mot., Ex. J (copy of Intervenor's Motion for Reconsideration); Mot., Ex. K (copy of state court order denying reconsideration motion). After Plaintiff Johnston failed to appear at the trial scheduled for September 28, 2018, Defendant moved for a judgment of non-pros. Mot. 6. The Court of Common Pleas of Philadelphia County granted Defendant's motion and dismissed the second state court action. Mot. 6-7; Mot., Ex. L (copy of Trial Work Sheet detailing the judgment of non-pros).

Plaintiffs initiated the instant lawsuit against Defendant on February 28, 2019, alleging Defendant breached the Policy when it denied Plaintiff Johnston's claims for benefits on July 7,

2016, and again on April 27, 2018.[7]  Compl. 1; Mot. 5.  Defendant filed a Motion to Dismiss on April 1, 2019, arguing Plaintiff Milton "cannot demonstrate plausible entitlement to relief on any of his claims."  Mot. 8.  On April 18, 2019, Plaintiffs filed a response in opposition to Defendant's Motion (ECF No. 13) (titled Objection to Defendant's Motion to Dismiss).  Defendant submitted a reply in support of its Motion on April 22, 2019 (ECF No. 14), and Plaintiffs filed sur-replies on May 6, 2019 and on May 13, 2019 (ECF Nos. 15, 17) (titled Plaintiff's Response[s] in Opposition to Defendant's Motion to Dismiss).

Presently before this Court is Defendant's Motion to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  In its Motion, Defendant asks the Court to dismiss Plaintiff Milton as a party plaintiff in this case for two reasons: (1) Plaintiff Milton "is not an insured entitled to benefits under the Policy," and (2) Plaintiff Milton "cannot participate as a party solely for the purpose of assisting [Plaintiff Johnston] . . . because he is not an attorney licensed to practice law in [Pennsylvania] or any other state."  Def.'s Reply Supp. Mot. 1, ECF No. 14.  The Court addresses each assertion in Defendant's Motion in turn.

## IV.  STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff's *pro se* complaint must present a plausible claim.  Courts reviewing a motion to dismiss pursuant to Rule 12(b)(6) must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2008)); *see also Atlantic Corp. v. Twombly*,

---

[7] Plaintiffs seek compensatory damages in the amount of $251,167 for amounts purportedly due under the Policy.  Compl. 4.  Additionally, Plaintiffs request the recovery of punitive damages in the amount of $3,000,000.  Compl. 4.

550 U.S. 544, 563 n.8 (2007). To satisfy facial plausibility, a claim's factual content must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Sweda v. Univ. of Pennsylvania*, 923 F.3d 320, 325 (3d Cir. 2019) (internal citation omitted); *Thompson v. Real East Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014). This "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949. Although the court must "accept all factual allegations as true and construe the complaint in the light most favorable to the plaintiff... [it is] not compelled to accept unsupported conclusions and unwarranted inferences… or a legal conclusion couched as a factual allegation." *Estate of Roman v. City of Newark*, 914 F.3d 789, 795-96 (3d Cir. 2019) (internal quotation marks and citations omitted).

Despite this rigorous standard, the Supreme Court has explained that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *See Fantone v. Latini*, 780 F.3d 184, 193 (3d Cir. 2015) (internal quotation marks omitted) (quoting *Haines v. Kerner*, 92 S. Ct. 594, 596 (1972)); *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007). However, this liberality does not relieve *pro se* plaintiffs of their obligation "to state a claim to relief that is plausible on its face" and shows an entitlement to relief. *Fantone*, 780 F.3d at 193 (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)).

V. DISCUSSION

A district court must take three steps to determine the sufficiency of the complaint when considering a motion to dismiss under Rule 12(b)(6). The court must: (1) identify the elements a party must plead to state a claim; (2) determine whether allegations are merely legal conclusions and are thus not entitled to the assumption of truth; and (3) assume the veracity of well-pleaded factual allegations to determine whether they "plausibly give rise to an entitlement for relief." *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (citation omitted). At this early

stage of the litigation, the court must only determine whether the non-moving party has sufficiently pled its claims—not whether the non-movant can prove them. *Fowler*, 578 F.3d at 213.

To properly assess a motion to dismiss, the court may consider the allegations contained in the complaint, exhibits attached to or incorporated by reference into the complaint, matters of public record, and records of which the court may take judicial notice. *See Tellabs, Inc. v. Makor Issues & Rts.*, 551 U.S. 308, 322 (2007); *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The court may also consider any "matters incorporated by reference or integral to the claim" without converting the motion to dismiss to one for summary judgment. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (citing 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (3d ed. 2004)). As such, on a motion to dismiss, the court may regard an "undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document," as "[o]therwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document on which it relied." *Pension Benefit*, 998 F.2d at 1196 (internal citation omitted).

The Court has reviewed Defendant's Motion according to this standard and has evaluated the pleadings of record and the briefs filed in support and opposition thereto. The Court has also considered the undisputed insurance agreement between Plaintiff Johnston and Defendant, even though it was not attached to Plaintiffs' Complaint. The Court is not persuaded that Plaintiff Milton's allegations, even taken as true, raise a right to relief above the speculative level.

**A. Plaintiff Milton has not established a connection that would entitle him to recovery under the Policy between Defendant and Plaintiff Johnston.**

First, the Court finds Plaintiff Milton's breach of contract claim fails because Plaintiffs' Contract in 2015 does not provide a basis for Plaintiff Milton's claim against Defendant. In their

responses to Defendant's Motion, Plaintiffs state they separately entered into the Plaintiffs' Contract for the home care services provision in the Policy, and Defendant's nonpayment of Plaintiff Johnston's claims for benefits caused Plaintiff Milton financial losses. Pls.' Resp. Opp'n Def.'s Mot. 3. However, the Complaint does not state any claim for relief against Defendant in connection with Plaintiffs' Contract. Defendant is not a party to Plaintiffs' Contract and therefore has no obligation or duty to Plaintiff Milton under that contract. As such, Defendant cannot be liable to Plaintiff Milton under Plaintiffs' Contract.

Second, the Court finds Plaintiff Milton is not entitled to benefits under the Policy between Plaintiff Johnston and Defendant because he is not Plaintiff Johnston's beneficiary. The parties assume Pennsylvania law applies and the Court agrees. In *Scarpitti v. Weborg*, 609 A.2d 147 (Pa. 1992), the Pennsylvania Supreme Court articulated the standard for determining whether someone is a third-party beneficiary to a contract. For a third-party beneficiary "to have standing to recover on a contract, both contracting parties must have expressed an intention that the third party be a beneficiary, and that intention must have affirmatively appeared in the contract itself." *Scarpitti*, 609 A.2d at 149. However, an exception exists for a limited class of third-party beneficiaries.

In *Guy v. Liederbach*, 459 A.2d 744 (Pa. 1983), the court examined intended and incidental beneficiaries and adopted Section 302 of the Restatement (Second) of Contracts. *Guy*, 459 A.2d at 751. Section 302 states:

> (1) Unless otherwise agreed between promisor and promisee, a beneficiary of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and either
>> (a) the performance of the promise will satisfy an obligation of the promisee to pay money to the beneficiary; or
>> (b) the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.

> (2) An incidental beneficiary is a beneficiary who is not an intended beneficiary.

Restatement (Second) of Contracts § 302 (1979). In conformity with Section 302, the court in *Guy* designed a two-part test to determine whether one is a third-party beneficiary to a contract. The two-part test requires that:

> (1) the recognition of the beneficiary's right must be appropriate to effectuate the intention of the parties, and (2) the performance must satisfy an obligation of the promisee to pay money to the beneficiary or the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.

*Guy*, 459 A.2d at 751 (internal quotation marks omitted).

Plaintiff Milton has failed to plead a claim upon which relief can be granted because he is not entitled to benefits under the Policy between Plaintiff Johnston and Defendant. Plaintiff Milton concedes the Policy is between Defendant and Plaintiff Johnston. Pls.' Obj. Def.'s Mot. 1. Neither Plaintiff Milton nor Plaintiffs' Contract are identified in the Policy presently at issue. Plaintiffs' Contract is dated September 28, 2015—thirteen years after Defendant issued the Policy to Plaintiff Johnston. Evidently, neither Plaintiff Milton nor Plaintiffs' Contract were envisaged by either Plaintiff Johnston or Defendant in 2002 when the Policy was formed. Plaintiff Milton has not produced any evidence indicating he qualifies as an insured, beneficiary, or assignee of Plaintiff Johnston with respect to the Policy proceeds. In fact, the insurance Policy agreement expressly disclaims any intention from Defendant or Plaintiff Johnston for Plaintiff Milton to be a third-party beneficiary of their agreement. As such, Plaintiff Milton has no standing to file suit to recover benefits under the Policy between Plaintiff Johnston and Defendant.

**B. Plaintiff Milton is not an attorney licensed to practice law in any jurisdiction.**

The Court applies the same reasoning as the Court of Common Pleas of Philadelphia County when it denied Plaintiff Johnston's motion to appoint Plaintiff Milton as his personal

assistant in the second state court litigation. The court stated it took "no position on whether Plaintiff [Johnston] [could] receive assistance in preparing his case; however, the [c]ourt w[ould] not permit a non-lawyer to practice law. The practice of law includes, but is not limited to, appearing on behalf of Plaintiff at [c]ourt-ordered events, such as the Case Management Conference or Settlement Conference." *See* Order, *Johnston*, No. 4129 (Pa. Ct. Com. Pl. Phila. Cnty. June 23, 2017) (New, J.). Plaintiff Milton is not an attorney authorized to practice law in any jurisdiction. As such, this Court will not endorse Plaintiff Milton's unauthorized practice of law in appearing before the Court without a law license.

## VI. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is granted. An appropriate Order follows.

BY THE COURT:

*/s/ C. Darnell Jones, II*
C. DARNELL JONES, II      J.