IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT K. JOHNSTON and CHRISTOPHER L. MILTON, *Plaintiffs*, | : : : : | CIVIL ACTION |
| v. | : : | No. 18-05368 |
| LIFE CARE LINCOLN BENEFIT RESOLUTION LIFE, *Defendant.* | : : : | |

# MEMORANDUM

**KENNEY, J.**                                                                                                      **July 19, 2022**

Plaintiff Johnston, who is *pro se*, alleges that Defendant Lincoln Benefit Life Company[1] ("LBLC") breached a Home and Community Based Care Policy (the "Policy") that was issued to Plaintiff Johnston by LBLC in 2002.[2] *Id.* More specifically, Plaintiff Johnston alleges that LBLC denied Plaintiff Johnston's insurance claims under the Policy on July 7, 2016 and again on April 27, 2018 and that such denials constituted a breach of contract. ECF No. 8 § III.

---

[1] Defendant's full name was incorrectly identified by Plaintiff in the case caption.

[2] Plaintiff Milton was dismissed from the case on March 23, 2020 after the Court found there was no basis for Plaintiff Milton's claim against Defendant LBLC. *See* ECF Nos. 20, 21.

1

Presently before the Court is Defendant LBLC's Motion for Summary Judgment (ECF No. 38), to which Plaintiff Johnston has not filed a Response.

For the reasons that follow, this Court will grant Defendant LBLC's Motion for Summary Judgment (ECF No. 38).

## I.     STANDARD OF REVIEW

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Accordingly, "[s]ummary judgment is appropriate when 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact...'" *Wright v. Corning*, 679 F.3d 101, 103 (3d Cir. 2012) (quoting *Orsatti v. New Jersey State Police*, 71 F.3d 480, 482 (3d Cir. 1995)). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc*. 477 U.S. 242, 248 (1986). There is a genuine issue of material fact if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party moving for summary judgment carries the initial burden "of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the

2

absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted). Once the moving party has met this burden, the non-moving party must counter with "'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted); *see also* Fed. R. Civ. P. 56(c).

"Although the non-moving party receives the benefit of all factual inferences in the court's consideration of a motion for summary judgment, the nonmoving party must point to some evidence in the record that creates a genuine issue of material fact. In this respect, summary judgment is essentially 'put up or shut up' time for the non-moving party: the non-moving party must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument. In addition, if the non-moving party has the burden of proof at trial, that party must set forth facts 'sufficient to establish the existence of an element essential to that party's case.'" *Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2006) (internal citations omitted).

The non-moving party must therefore show more than the "mere existence of a scintilla of evidence" for elements on which the non-movant bears the burden of production. *Anderson*, 477 U.S. at 252. The party opposing a motion for summary judgment may not "rely merely upon bare assertions, conclusory allegations or suspicions." *See Fireman's Ins. Co. v. DuFresne*, 676 F.2d 965, 969

(3d Cir. 1982). Nor can the non-moving party "rely on unsupported allegations" and instead "must go beyond pleadings and provide some evidence that would show that there exists a genuine issue for trial." *Jones v. United Parcel Serv.*, 214 F.3d 402, 407 (3d Cir. 2000). Moreover, arguments made in briefs "are not evidence and cannot by themselves create a factual dispute sufficient to defeat a summary judgment motion." *Jersey Cent. Power & Light Co. v. Township of Lacey*, 772 F.2d 1103, 1109–10 (3d Cir. 1985). "At the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007); Fed. R. Civ. P. 56(c). The court need only decide whether "a fair-minded jury could return a verdict for the plaintiff on the evidence presented." *Anderson*, 477 U.S. at 252. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial'" and the court should grant summary judgment in favor of the moving party. *Matsushita Elec. Indus. Co.*, 475 U.S. at 587 (citation omitted).

## II. DISCUSSION

Plaintiff Milton, who is Plaintiff's Johnston's friend, is the Director of an organization called Greater Philly Churches Athletic Association ("GPCAA"). *See* ECF No. 38 Ex. B, Milton Dep., at 13:12–24; 14:17–24; 24:17–22. At deposition, Plaintiff Milton testified that GCPAA established a "Home Care Unit," which

helped "clean[] up around peoples' houses whenever they needed like, painting, you know, little things like that." Plaintiffs allege that they entered into a contractual agreement for the Home Care Unit of GCPAA to provide "Home Care Services" to Plaintiff Johnston on September 15, 2015. ECF 8 § III. In accordance with their agreement, Plaintiff Milton provided services to Plaintiff Johnston in exchange for payment. ECF No. 38 Defendant's Statement of Undisputed Material Facts in Support of Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56(a) ("SUMF") ¶ 23.  Plaintiff Johnston now seeks to recover expenses billed by GPCAA for its provision of home care services to him. ECF No. 38 p. 8; *see also* ECF No. 8 §§ III, IV.

     Under the Policy, Plaintiff Johnston is entitled to recovery of expenses incurred for services of a duly licensed "Home Care Agency." *See* ECF No. 38 p. 7; *see also* ECF No. 38 Ex. A. The Policy specifically provides that a "Home Care Agency" is defined as "an agency providing medical and nonmedical services to ill, disabled or infirm persons in their residences," and that "[s]uch services may include: homemaker services; assistance with the Activities of Daily Living; and Respite Care Services" and that "[t]he Home Care Agency and its employees must be duly licensed or certified, where required by law, and acting within the scope of such license or certification at the time a treatment or service is performed." ECF No. 38 p. 7; ECF No. 38 Ex. A. In the present case, Plaintiff Milton conceded at

deposition that GCPAA is not a home healthcare agency within the meaning of the Policy. *See* Ex. B, Milton Dep., at 16:5–9. Additionally, it is undisputed that Plaintiff Milton is not a registered nurse, certified nursing assistant or licensed social worker. *See* Ex. B, Milton Dep., at 17:14–22.

Accordingly, this Court finds that there is no evidence to demonstrate that GPCAA is duly licensed by the Commonwealth of Pennsylvania to operate a Home Care Agency and there is no evidence to demonstrate that Plaintiff Milton is an employee of any Home Care Agency. Thus, there is no evidence to support the claim that Defendant LBLC breached its contract to Plaintiff Johnston with respect to its determination that Plaintiff Johnston was not entitled to reimbursement for the services provided by GPCAA.

### III.   CONCLUSION

Taking the facts in the light most favorable to Plaintiff Johnston, it is evident that there is no evidence that would allow a reasonable juror to find that Plaintiff Johnston is entitled to relief for breach of contract against Defendant LBLC. For that reason, this Court will **GRANT** Defendant's Motion for Summary Judgment (ECF No. 38).

BY THE COURT:

/s/ *Chad F. Kenney*
_____
**CHAD F. KENNEY, JUDGE**